| | |
|---|---|
| D. Victoria Baranetsky (SBN 311892) | CRAIG H. MISSAKIAN (CABN 125202) |
| **THE CENTER FOR INVESTIGATIVE REPORTING** | United States Attorney |
| | PAMELA T. JOHANN (CABN 145558) |
| 222 Sutter Street, #600 | Chief, Civil Division |
| San Francisco, CA 94108 | ROMAN A. SWOOPES (CABN 274167) |
| Telephone: (510) 982-2890 | Assistant United States Attorney |
| Fax: (510) 849-6141 | 60 South Market Street, Suite 1200 |
| vbaranetsky@revealnews.org | San Jose, California 95113 |
| | Telephone: (408) 535-5084 |
| Matthew S.L. Cate (SBN 295546) | FAX: (408) 535-5081 |
| matt@matthewcatelaw.com | Roman.Swoopes@usdoj.gov |
| **LAW OFFICE OF MATTHEW S.L. CATE** | |
| 101 Montgomery Street, Suite 900 | *Attorneys for Federal Defendant* |
| San Francisco, CA 94104 | |
| Tel/Fax: 415-964-4400 | |

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, | CASE NO. 3:25-cv-07309-AMO |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER** |
| v. | CMC Date: January 14, 2026 |
| UNITED STATES DEPARTMENT OF JUSTICE, | Time: 10:00 AM |
| | Location: Courtroom 10, 19th Floor |
| Defendant. | Judge: Hon. Araceli Martínez-Olguín |

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, Civil Local Rules 16-9 and 16-10, the Court's Standing Order, and the Standing Order for All Judges of the Northern District of California, Plaintiff Center for Investigative Reporting ("Plaintiff" or "CIR") and Defendant United States Department of Justice ("Defendant" or "DOJ") submit this Initial Joint Case Management Statement.

**1.    Jurisdiction and Service**

There are no issues regarding personal jurisdiction, venue, or service.  Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  Defendant has been served.

**2.    Facts**

In December 2019 and March 2024, CIR submitted two separate FOIA requests to the DOJ that seek disclosure of, among other things, memoranda regarding decisions by the DOJ's Civil Rights Division *not* to prosecute alleged civil rights violations that resulted in death (*e.g.*, fatalities caused by law enforcement officers in the course of their duties) ("Closing Memos"). The Plaintiff's requests seek disclosure of Closing Memos regarding incidents that occurred between and including 1998 through 2024.

The DOJ has not disclosed any Closing Memos to CIR, which filed this action claiming that the nondisclosure of those public records is unlawful under the FOIA.

Defendant contends, among other things, that Plaintiff's first request did not reasonably describe the records sought and that both of Plaintiff's requests seek nonpublic records protected from disclosure under one or more of the exemptions or exclusions to FOIA.

**3.    Legal Issues**

The Court may be called upon to resolve the following legal issues: whether Defendant has fulfilled its obligations to Plaintiff under the FOIA and whether Plaintiff is entitled to an award of attorneys' fees and litigation costs.

**4.    Motions**

There are no motions pending.  If informal discussions between the parties do not resolve the entire case, the parties anticipate that the issues in Plaintiff's Complaint can be resolved on cross motions for summary judgment.

**5.    Amendment of Pleadings**

The parties do not anticipate additional amendment of the pleadings.

**6.    Evidence Preservation**

Plaintiff and Defendant have reviewed all applicable guidelines and acknowledge their duties to

preserve relevant materials in accordance with applicable rules and case law.

**7.     Disclosures**

The parties agree and stipulate pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary at this time, as this is a FOIA action for which no such exchange of information is typically needed.

**8.     Discovery**

Because this is a FOIA action, the usual discovery process for other types of cases is not likely to apply.  *See Lane v. Dept. of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)); *Am. Small Business League v. Dept. of Defense*, 2019 WL 4416613 at *2-3 (N.D. Cal. Sept. 15, 2019) (allowing discovery in FOIA action).  The parties agree that at this time, discovery is not anticipated, although the parties reserve the right to seek discovery.

**9.     Class Actions**

This is not a class action.

**10.    Related Cases**

There are no related cases.

**11.    Relief**

Plaintiff seeks declaratory relief; a full, adequate and expedited search and production of the public records responsive to Plaintiff's FOIA requests, reasonable costs and attorneys' fees, and such further relief as the Court deems just and proper.

Defendant denies that Plaintiff is entitled to any relief and seeks dismissal and costs.

**12.    Settlement and ADR**

The parties do not believe that this case is ready for ADR at this time.  The parties have filed their respective ADR Certifications requesting to discuss ADR selection at the case management conference with this Court.

**13.    Other References**

Special procedures such as binding arbitration, a special master, or MDL are not appropriate for

this case.

**14.     Narrowing of Issues**

<u>Plaintiff</u>

This FOIA case involves only one type of public record: the Closing Memos that convey the rationale for declining to prosecute civil rights violations that resulted in a death. The DOJ has pleaded that CIR cannot enforce its FOIA requests because the Closing Memos are "protected from disclosure by one or more of the exemptions or exclusions to the FOIA." Answer (Dkt No. 16), Fourth Affirmative Defense. In parties' meet-and-confer discussions, the DOJ has indicated that it may assert that the Closing Memos (except those that have been publicly disclosed) are categorically exempt from disclosure and/or that the DOJ may otherwise take the position that, as a blanket proposition, it need not disclose the Closing Memos in response to CIR's FOIA requests.

Knowing whether the DOJ intends to claim that *all* of the Closing Memos may be withheld from disclosure on a categorical basis is a core question in this case. Efficient and appropriate management of this case depends on knowing the answer to that question as soon as possible.

Plaintiff therefore asks that the Court order the DOJ to confirm, in a status report to be filed within 14 days, whether Defendant intends to argue in this case that the Closing Memos are subject to a categorical exemption or otherwise may be withheld on broadly applicable grounds.

<u>Defendant</u>

Because Plaintiff has requested case records from at least a *26-year* span (1998 to 2024), a significant issue in this case is whether Plaintiff's FOIA requests comply with 5 U.S.C. § 552(a)(3)(A)'s requirement to reasonably describe the records sought.  As indicated in the correspondence related to Plaintiff's first FOIA request, DOJ conducted almost 16,000 color of law investigations from 1998 to 2018 alone, and each such investigation could have a closing memorandum of 10 to 25 pages.  ECF No. 1-8 at 1.  For that 20-year period, Plaintiff's first FOIA request would potentially require DOJ staff to review hundreds of thousands of pages line-by-line for FOIA exemptions including privacy and multiple privileges.  *Id.* at 2.  These figures do not account for Plaintiff's second request, for records from 2018 to 2024.  Adding to the burden, many of the records that Plaintiffs seek exist only in paper format and/or are archived in the Federal Records Center.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:25-cv-07309-AMO                               4

If the parties are unable to narrow Plaintiff's requests through negotiation, DOJ submits that the breadth of Plaintiff's requests is a threshold issue that the parties will need to present to the Court. This breadth issue is independent of whether the closing memos in question consist of attorney work product or other privileged material that would make them exempt from disclosure under FOIA.

Defendant submits that the parties should meet and confer further on these issues and submit a proposal for how to most efficiently present them to the Court.

**15. Scheduling**

The parties request that the Court continue the Case Management Conference set for January 14, 2026 in light of the continued discussions they will have regarding this case, whether any issues may be narrowed, and how best to proceed in light of those discussions.

<u>Plaintiff</u>

As noted above, the parties should be ordered to file a joint status report within 14 days (1) notifying the Court whether the Defendant intends to claim that the Closing Memos may be withheld on categorical or broadly applicable grounds, (2), if so, proposing a briefing schedule for cross-motions for summary judgment or partial summary judgment on those claimed defenses, and (3) if not, proposing a scheduling order for the DOJ's timely production of Closing Memos responsive to the FOIA requests and a procedure for resolving further disputes arising from the those disclosures.

<u>Defendant</u>

The parties should be ordered to file a joint status report within 28 days to:

(1) indicate whether Plaintiff will make its requests more specific;

(2) indicate whether the Defendant intends to claim that the Closing Memos may be withheld on categorical or broadly applicable grounds;

(3) propose a briefing schedule for cross-motions for summary judgment or partial summary judgment to resolve remaining disputes; and

(4) if applicable, propose a scheduling order for the DOJ's production of any closing memos that it does not believe are exempt from disclosure under FOIA.

**16.     Trial**

The parties anticipate that the issues in this case will be resolved through summary judgment and that no trial will be needed.

**17.     Disclosure of Non-Party Interested Entities**

Plaintiff has filed its Certification of Conflicts, Interested Entities and Persons, and restates here that as of this date there is no conflict or interest (other than the named parties) to report.  Defendant is exempt from this requirement as a federal government entity.

**18.     Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.     Other Matters**

Not applicable.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| DATED: January 7, 2026 | LAW OFFICE OF MATTHEW S.L. CATE |
|  | */s/ Matthew S.L. Cate*<br>MATTHEW S.L. CATE<br>Attorneys for Plaintiff<br>The Center for Investigative Reporting |
| DATED: January 7, 2026 | CRAIG H. MISSAKIAN<br>United States Attorney |
|  | */s/ Roman A. Swoopes*<br>ROMAN A. SWOOPES<br>Assistant United States Attorney<br>Attorneys for Federal Defendant<br>United States Department of Justice |

In compliance with Civil L.R. 5-1(i)(3), the filer of this document attests that counsel for all parties concur in the filing of this document.

**[PLAINTIFF'S PROPOSED] ORDER**

The Case Management Conference currently set for January 14, 2026 is VACATED. Further, it is hereby ordered:

The parties shall file a Joint Status Report no later than 14 days from the date of this Order.

The status report shall indicate whether Defendant intends to claim that the requested public records are subject to a categorical exemption under the FOIA or that other broadly applicable grounds justify nondisclosure of the requested records. If so, the Joint Status Report shall propose a briefing schedule for cross-motions for summary judgement and/or partial summary judgment. Otherwise, the Joint Status Report shall propose a scheduling order for the Defendants' timely production of public records responsive to Plaintiff's FOIA requests and a procedure for resolving further disputes arising from the Defendants' disclosures.

IT IS SO ORDERED.

Dated:

HON. ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE

**[DEFENDANT'S PROPOSED] ORDER**

The Case Management Conference currently set for January 14, 2026 is VACATED.

The parties shall file a Joint Status Report no later than 28 days from the date of this Order. The status report shall:

(1) indicate whether Plaintiff will make its requests more specific;

(2) indicate whether the Defendant intends to claim that the Closing Memos may be withheld on categorical or broadly applicable grounds;

(3) propose a briefing schedule for cross-motions for summary judgment or partial summary judgment to resolve remaining disputes; and

(4) if applicable, propose a scheduling order for the DOJ's production of any closing memos that it does not believe are exempt from disclosure under FOIA.

IT IS SO ORDERED.

Dated: _____

                                        HON. ARACELI MARTÍNEZ-OLGUÍN
                                        UNITED STATES DISTRICT JUDGE