D. Victoria Baranetsky (SBN 311892)
**THE CENTER FOR INVESTIGATIVE
   REPORTING**
222 Sutter Street, #600
San Francisco, CA 94108
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400

*Counsel for Plaintiff*

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

*Attorneys for Federal Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| The Center for Investigative Reporting,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Justice,<br><br>Defendant. | Case No. 3:25-cv-7309-AMO<br><br>**Joint Status Report** |

Pursuant to the Court's January 12, 2026 Order (Dkt. No. 23), Plaintiff Center for Investigative Reporting ("Plaintiff" or "CIR") and Defendant United States Department of Justice ("Defendant" or "DOJ") submit the following report on the status of this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**Background**

This FOIA case is about two FOIA requests CIR submitted to the DOJ in December 2019 and March 2024 seeking disclosure of memoranda regarding decisions by the DOJ's Civil Rights Division

*not* to prosecute alleged civil rights violations that resulted in death (*e.g.*, fatalities caused by law enforcement officers in the course of their duties) ("Closing Memos"). One FOIA request seeks disclosure of Closing Memos regarding incidents that occurred between and including 1998-2017 ("First FOIA Request"),[1] and the other seeks Closing Memos for incidents from 2018-2024 ("Second FOIA Request").

### 1. Specificity of Plaintiff's FOIA requests

Since the parties' submission of the Joint Case Management Statement (Dkt. No. 20), the DOJ has informed CIR that there may be nearly 1,700 Closing Memos responsive to the 1998-2017 timeframe and over 50 for the 2018-2024 period.

CIR contends that its FOIA requests are sufficiently specific. The DOJ contends that, at least as to the FOIA request for Closing Memos from the 1998-2017 period, compliance with the request as stated would impose an undue burden on the agency.

The parties are continuing to confer in good faith about the scope of the request for Closing Memos from 1998-2017 and whether and to what extent the universe of potentially responsive material might be narrowed by agreement.

### 2. Categorical or broadly applicable claims of exemption by the DOJ

The DOJ continues to assess whether it intends to claim that the Closing Memos are categorically exempt from disclosure or otherwise may be withheld on broadly applicable grounds, including because they consist of work product or other privileged material.

Plaintiff does not believe the Closing Memos can lawfully be withheld on a categorically claimed exemption and asserts that if the DOJ contends otherwise that fundamental issue should be resolved as soon as possible.

### 3. Schedule for summary judgment briefing, disclosures, and next status report

The parties propose the following schedule:

---

[1] Both FOIA requests seek disclosure of Closing Memos for incidents that occurred in 2018. CIR has agreed to remove 2018 Closing Memos from the scope of the First Request.

1   •   DOJ will provide a final determination as provided by the FOIA, and disclose all

2   nonexempt material, in response to the Second FOIA Request (*i.e.*, any nonexempt material from the

3   memos concerning incidents from 2018-2024) no later than **April 3, 2026**;

4   •   The parties will submit a further joint status report within 30 days of the DOJ's

5   determination, and in any event no later than **May 4, 2026**, that advises the Court whether there are any

6   disputes over the DOJ's determination and/or disclosures in response to the Second FOIA Request and

7   whether there are any remaining disputes regarding the scope of the First FOIA Request (*i.e.*, the memos

8   covering 1998-2017). If there are any remaining disputes between the parties, the status report will also

9   propose a briefing schedule for cross-motions for summary judgment or partial summary judgment on

10  those issues.

11  The parties agree that by proceeding with such a schedule, neither party is waiving any argument

12  or defense concerning either the First FOIA Request or the Second FOIA Request.

13

14                                          Respectfully Submitted,

15  DATED: February 2, 2026                 LAW OFFICE OF MATTHEW S.L. CATE

16                                          */s/ Matthew S.L. Cate*
                                            Matthew S.L. Cate
17                                          Attorneys for Plaintiff
                                            The Center for Investigative Reporting
18

19  DATED: February 2, 2026                 CRAIG H. MISSAKIAN
                                            United States Attorney
20

21                                          */s/ Roman A. Swoopes*
                                            ROMAN A. SWOOPES
22                                          Assistant United States Attorney
                                            Attorneys for Federal Defendant
23                                          United States Department of Justice

24  In compliance with Civil L.R. 5-1(i)(3), the filer of this document attests that counsel for all parties

25  concur in the filing of this document.

26

27

28

JOINT STATUS REPORT
CASE NO. 3:25-CV-07309-AMO                        3

**[PROPOSED] ORDER**

Having reviewed the parties' Joint Status Report, it is hereby ordered:

1.      Defendant shall provide Plaintiff a final determination as required by the FOIA and disclosure of all non-exempt material in response to the Second FOIA Request no later than **April 3, 2026**; and

2.      The parties will submit a further joint status report within 30 days of the DOJ's submission of its determination to CIR, and in any event no later than **May 4, 2026**, that (1) advises the Court whether there are any disputes over the DOJ's determination and/or disclosures in response to the Second FOIA Request and whether there are any remaining disputes regarding the scope of the First FOIA Request and, if so, (2) proposes a briefing schedule for cross-motions for summary judgment or partial summary judgment on those issues.


**IT IS SO ORDERED.**


Dated:                                          _____

HON. ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE