D. Victoria Baranetsky (SBN 311892)
**THE CENTER FOR INVESTIGATIVE**
  **REPORTING**
222 Sutter Street, #600
San Francisco, CA 94108
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400

*Counsel for Plaintiff*

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
ROMAN A. SWOOPES (CABN 274167)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5084
FAX: (408) 535-5081
Roman.Swoopes@usdoj.gov

*Attorneys for Federal Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| The Center for Investigative Reporting, | Case No. 3:25-cv-7309-AMO |
|---|---|
| Plaintiff, | **Joint Status Report, Stipulation, and [Proposed] Order** |
| v. | |
| United States Department of Justice, | |
| Defendant. | |

Pursuant to the Court's February 3, 2026 Order (Dkt. No. 25), Plaintiff Center for Investigative Reporting ("Plaintiff" or "CIR") and Defendant United States Department of Justice ("Defendant" or "DOJ") submit the following report on the status of this case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

This FOIA case is about two FOIA requests CIR submitted to the DOJ in December 2019 and March 2024 seeking disclosure of memoranda regarding decisions by the DOJ's Civil Rights Division *not* to prosecute alleged civil rights violations that resulted in death (*e.g.*, fatalities caused by law

enforcement officers in the course of their duties) ("Closing Memos"). One FOIA request seeks disclosure of Closing Memos regarding incidents that occurred between and including 1998-2017 ("First FOIA Request"),[1] and the other seeks Closing Memos for incidents from 2018-2024 ("Second FOIA Request").

On April 3, 2026, the DOJ provided its final determination regarding the Second FOIA Request (*i.e.*, for Closing Memos from 2018-2024). *See* February 3, 2026 Order (Dkt. No. 25). In that determination, the DOJ asserted that any memos in 51 of 53 cases are exempt from disclosure under 5 U.S.C. § 552(b)(5) as "inter- or intra-agency memoranda that are subject to a litigation privilege such as the attorney-client, attorney work product, or deliberative process privilege."[2] The DOJ additionally asserted that "information in at least some of the memoranda is exempt pursuant to Exemptions 3, 6, 7(C), 7(D), and/or 7(E)" of the FOIA.

The DOJ maintains that, at least as to the First FOIA request for Closing Memos from the 1998-2017 period, compliance with the request as stated would impose an undue burden on the agency. The DOJ additionally claims that Exemption 5 applies to the records responsive to the First FOIA Request and justifies their nondisclosure as well. CIR disagrees with these positions.

The parties are unable to resolve their disagreements as outlined above. In light of the DOJ's issuance of a final determination as to Second FOIA Request, the parties agree that the parties' disputes are ripe for the Court's determination. They have therefore agreed to and propose the following schedule for briefing on these matters pursuant to Fed. R. Civ. P. 56:

- **June 11, 2026**:     Defendant's Motion for Summary Judgment ("MSJ")

- **July 9, 2026**:     Plaintiff's Combined Opposition to MSJ and Cross-Motion for Partial Summary Judgment ("Cross-MPSJ") re Second FOIA Request

- **July 30, 2026**:     Defendant's Combined Reply in Support of MSJ and Opposition to Cross-MPSJ

---

[1] Both FOIA requests seek disclosure of Closing Memos for incidents that occurred in 2018. CIR has agreed to remove 2018 Closing Memos from the scope of the First Request.

[2] Two of the 53 cases were reviewed under the Emmett Till Unsolved Civil Rights Crime Act, and the associated memoranda were published at https://www.justice.gov/crt/case/edwin-pratt and https://www.justice.gov/crt/case/alberta-jones.

- **August 20, 2026**:    Plaintiff's Reply in Support of Cross-MPSJ

- **September 3, 2026**:   Hearing on MSJ and Cross-MPSJ

The parties accordingly stipulate to and ask the Court to adopt the foregoing schedule.


                                          Respectfully Submitted,

DATED: May 4, 2026                        LAW OFFICE OF MATTHEW S.L. CATE

                                          */s/ Matthew S.L. Cate*
                                          Matthew S.L. Cate
                                          Attorneys for Plaintiff
                                          The Center for Investigative Reporting

DATED: May 4, 2026                        CRAIG H. MISSAKIAN
                                          United States Attorney

                                          */s/ Roman A. Swoopes*
                                          ROMAN A. SWOOPES
                                          Assistant United States Attorney
                                          Attorneys for Federal Defendant
                                          United States Department of Justice

In compliance with Civil L.R. 5-1(i)(3), the filer of this document attests that counsel for all parties concur in the filing of this document.

**[PROPOSED] ORDER**

Pursuant to the parties' Joint Status Report and Stipulation, the parties are hereby ordered to comply with the following briefing deadlines in connection with the anticipated summary judgment briefing:

- **June 11, 2026**:    Defendant's Motion for Summary Judgment ("MSJ")

- **July 9, 2026**:    Plaintiff's Combined Opposition to MSJ and Cross-Motion for Partial Summary Judgment ("Cross-MPSJ") re Second FOIA Request

- **July 30, 2026**:    Defendant's Combined Reply in Support of MSJ and Opposition to Cross-MPSJ

- **August 20, 2026**:    Plaintiff's Reply in Support of Cross-MPSJ

- **September 3, 2026**:    Hearing on MSJ and Cross-MPSJ

**IT IS SO ORDERED.**

Dated:    _____

HON. ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE