**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| The Center for Investigative Reporting,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Justice,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:25-cv-07309-AMO |

**<u>DECLARATION OF JOHN BUCHKO</u>**

# EXHIBIT 3



U.S. Department of Justice
Civil Rights Division

KK:ANF:RG3
20-00072-F

*Freedom of Information/PA Unit – 4CON*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC  20530*

9/19/2022

*Via Electronic Mail Only*
Ms. Melissa Lewis
Reveal News
2376A SE 43rd Ave.
Portland, OR 97215
mlewis@revealnews.org

Dear Ms. Lewis:

This is in further response to your December 13, 2019 Freedom of Information Act request, received by the Civil Rights Division January 2, 2020, seeking access to documents pertaining to "matters investigated or reviewed by the Civil Rights Division under 18 USC 241-242, Deprivation of Rights Under the Color of Law, between 1998 and 2018" and "any long-form closing memoranda reflecting the Division's decision not to prosecute a 242 matter that resulted in death."

After review of the responsive Civil Rights Division documents, I have determined that the enclosed records may be released to you in their entirety. Please be advised, the Civil Rights Division does not track race, age, and gender of subjects and victims in our database. Further, we do not maintain synopses in the database.

Regarding your request for any long-form closing memoranda, after consideration of the responsive records, I have determined that access to the documents should be denied pursuant to 5 U.S.C. §552(b)(5), since the records consist of attorney work product and include intra-agency memoranda containing pre-decisional, deliberative material.  I have further determined that certain information within these records that is exempt from disclosure pursuant to 5 U.S.C. §552(b)(5) should also be denied pursuant to 5 U.S.C. §552(b)(7)(C), since disclosure of information contained in these records could reasonably be expected to constitute an unwarranted invasion of personal privacy; 5 U.S.C. §552(b)(7)(E) since disclosure of guidelines for law enforcement investigations and prosecutions could reasonably be expected to risk circumvention of the law.

Regarding subject names, victim names, and lead attorney/investigators, I have determined that the requested information should be denied pursuant to 5 U.S.C. § 552 (b)(6) and 5 U.S.C. §552(b)(7)(C) since disclosure thereof would constitute an unwarranted invasion of personal privacy. Please be advised that we have considered the foreseeable harm standard when reviewing records and applying FOIA exemptions.

If you are not satisfied with the Civil Rights Division's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

I hope the Civil Rights Division has been of some assistance to you in this matter.

Sincerely,

*Kilian Kagle*

Kilian Kagle, Chief
Freedom of Information/Privacy Acts Unit
Civil Rights Division