**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| The Center for Investigative Reporting, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:25-cv-07309-AMO |
| | ) |
| United States Department of Justice, | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF JOHN BUCHKO**

# EXHIBIT 7



U.S. Department of Justice
Civil Rights Division

KK:TC
20-00072-F
23-00001-APP

*Freedom of Information/PA Unit –4CON*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*

Victoria Baranetsky, Esq.                                    September 20, 2023
1400 65th Street, Suite 200
Emeryville, CA 94608
vbaranetsky@revealnews.org

Dear Ms. Baranetsky:

The Office of Information Policy (OIP) remanded your administrative appeal to the Civil Rights Division (CRT) for further review regarding the <u>second</u> portion of your request for documents pertaining to "any long-form closing memoranda reflecting the Division's decision not to prosecute a (18 U.S.C.) 242 matter that resulted in death."

OIP affirmed the Division's decision for the <u>first</u> portion of your request for documents pertaining to "matters investigated or reviewed by the Civil Rights Division under 18 USC 241-242, Deprivation of Rights Under the Color of Law, between 1998 and 2018."  In its response, CRT provided a 217-page listing of the Criminal Section's color of law investigations from 1998 – 2018.  This list reflects almost 16,000 separate investigations.  Each investigation would have a closing memoranda which can range from 10 to 25 pages or more.   A number of these investigations include grand jury proceedings which is reflected by the "G" in the listing. With an estimated page count of 20 pages per memoranda, the potentially responsive records would consist of approximately 320,000 pages.

The remanded second portion of your request is for documents pertaining to any longform closing memoranda reflecting the Division's decision not to prosecute under 18 U.S.C. 242 for a matter that resulted in death. This request does not include a date range and would presumably require a search going back indefinitely. The blanket nature of your request, untied to any discrete time frame, is far removed from the accepted functions and purposes of FOIA. A request under the FOIA must be one that reasonably describes [the requested] records." 5 U.S.C. 552(a)(3). Courts have explained that the rationale for this rule was not intended to reduce government agencies to full-time investigators on behalf of requesters, or to allow requesters to conduct "fishing expeditions" through agency files. *Immanuel v. Sec'y of the Treasury,* No. 94- 884, 1995 WL 464141, at 1 (D. Md. Apr. 4, 1995),  *aff''d* 81 F. 3d 150 (4th Cir. 1996).  In addition to the "reasonably described" inquiry, courts have held that agencies are not required to conduct wide-ranging "unreasonably burdensome" searches for records.  *AFGE v. US. Dep't of Commerce,* 907 F.2d 203, 209 (D.C. Circ. 1990) (holding that while plaintiffs requests might identify the documents requested with sufficient precision to enable the agency to identify them...it is clear that these requests are so broad as to impose an unreasonable burden upon the agency, because the agency would have to *locate, review and redact a vast*

*quantity of material*)(emphasis added).  Your request did not include a date range and would presumably require a search going back indefinitely. For instance, for only two decades of records, CRT would have to review almost 16,000 separate investigative files for the closing memoranda which consists of an estimated 320,000 pages.  Each page would have to be reviewed line-by-line for FOIA exemptions including privacy and multiple privileges.  The number of hours necessary to fulfill the breath and broad nature of your request to review thousands of files covering decades will require a substantial expenditure of the Division's resources and would be unreasonably burdensome.  In addition, each of the approximately 16,000 distinct files would have to be requested from the Federal Records Center which is a time-consuming process by itself.  Thus, your request constitutes a "fishing expedition" through the agency files; in essence, requesting the agency to be a full-time investigator on your behalf. Therefore, this request falls within the parameters of the court case noted above as this request is "so broad as to impose an unreasonable burden upon the agency, because the agency would have to locate, review and redact a vast quantity of material."

On administrative appeal, the requester claims the longform closings have no privacy interests and it is the "agency practice to disclose closing memoranda."  The list of Till Act cases and exhibits provided by the requester clearly show the privacy interests were protected under Exemption 7 (c) as names, identifying information and personal information were redacted.  The requester states that CRT should release records for its request similar to the criminal memoranda which CRT released pursuant to the "Emmett Till Unsolved Civil Rights Crime Act" signed into law on October 8, 2008, and its Reauthorization (Till Act).  The Till Act required the FBI and DOJ to investigate cold cases from the 1930s -1960's pertaining to civil rights cases resulting in deaths (the time frame was extended in the Emmett Till Reauthorization Act). Also, under the Till Act, DOJ is required to provide periodic reports to Congress on the status of these Emmett Till cold case investigations and to post the memoranda.  The Till cases are between 60 - 90 years old; thus, in nearly all of these cases, the subjects, victims, and witnesses are deceased and no further law enforcement action may be taken.  The statute of limitations has also run in these types of cases.  In contrast, the requested longform closing memoranda related to 18 U.S.C. Sections 241 and 242, are either current or recent investigations where additional law enforcement investigations or prosecutions are reasonably anticipated.  Many of these investigations are closed and frequently reopened upon further information or evidence. Additional subjects may also be identified so the investigation is reopened. Again, these color of law criminal statutes do not fall under the Till Act and are treated differently.

Finally, please note the Division's closed investigative and case files are archived at the Federal Records Center (FRC).  As part of the National Archives and Records Administration, FRC stores records and files for federal agencies. FRC was closed as a result of the pandemic and satisfied only exigent record requests and retrievals pending conclusion of the pandemic restrictions. Emergency requests took priority such as court orders or information relating to the health and safety of individuals. Thus, even though the pandemic is over, there is still a considerable backlog in requests for files and it will take a substantial amount of time for files to be retrieved.  FRC is continuing to work through its significant backlog.

Please note that if you are seeking records pertaining to a specific investigation, you can submit a new request to this office.

If you are not satisfied with the Civil Rights Division's determination in response to this remand, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

I hope the Civil Rights Division has been of some assistance to you in this matter.

Sincerely,

*Tink Cooper*

Tink Cooper, Deputy Chief
Freedom of Information/Privacy Acts Unit
Civil Rights Division