## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| The Center for Investigative Reporting, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 4:25-cv-07309-AMO ) |
| United States Department of Justice, | ) ) |
| Defendant. | ) ) |

### DECLARATION OF JOHN BUCHKO

# EXHIBIT 10



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

---

*Telephone: (202) 514-3642*

Victoria Baranetsky, Esq.
Suite 200
1400 65th Street
Emeryville, CA  94608

Re:    Appeal No. A-2024-00230

Request No. 20-00072-F

vbaranetsky@revealnews.org

**VIA: Online Portal - 07/23/2024**

Dear Victoria Baranetsky:

You appealed from the action of the Civil Rights Division of the United States Department of Justice on your remanded Freedom of Information Act (FOIA) request for access to any long-form closing memoranda reflecting the Civil Rights Division's decision not to prosecute under 18 U.S.C. § 242 for a matter that resulted in death.  I note that your appeal concerns the Civil Rights Division's determination that your request was not reasonably described.*

After carefully considering your appeal, I am affirming the Civil Rights Division's action on your remanded request.  A proper FOIA request for records must reasonably describe the records sought.  See 5 U.S.C. § 552(a)(3)(A); see also 28 C.F.R. § 16.3(b)(2023).  The Civil Rights Division informed you that your request for records related to such long-form closing memoranda would require the Civil Rights Division to conduct an unreasonably burdensome search.  I have determined that the Civil Rights Division's response was correct.  Your request is not reasonably described because you did not characterize the records sought in such a way that they could be located without having to manually search approximately 16,000 separate investigative files for responsive closing memoranda.  Courts have consistently held that the FOIA does not require agencies to conduct "unreasonably burdensome" searches for records.  See, e.g., Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 (D.C. Cir. 1995).  To the extent that you wish to narrow your request, please contact the Civil Rights Division directly.

Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the Civil Rights Division in

response to your remanded request.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.  If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office and speak with the undersigned agency official by calling 202-514-3642.

Sincerely,

X_____

Christina Troiani

Chief, Administrative Appeals Staff

* Please note that while the Civil Rights Division mentioned in its September 19, 2022 and September 20, 2023 responses FOIA Exemptions (b)(5), (b)(7)(C), and (b)(7)(E) pertaining to long-form closing memoranda created pursuant to the "Emmett Till Unsolved Civil Rights Crime Act" and its Reauthorization, this was done for explanatory purposes only.  The Civil Rights Division has not used any exemptions to withhold information from you concerning long-form memorandum responsive to this request.