**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

|  |  |  |
|---|---|---|
| The Center for Investigative Reporting, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:25-cv-07309-AMO |
| United States Department of Justice, | ) ) | |
| Defendant. | ) ) ) | |

**DECLARATION OF JOHN BUCHKO**

# EXHIBIT 16



U.S. Department of Justice
Civil Rights Division

---

AD:kle

*Freedom of Information/PA Unit –4CON*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*

April 3, 2026

*via Electronic Mail*
Mr. Jonathan Jones
Reveal from The Center for Investigative Reporting
Mother Jones
P.O. Box 584
San Francisco, CA 94104
jjones@revealnews.org

   RE: CRT FOIA/PA Reference No. 24-00143-F
     *Center for Investigative Reporting v. DOJ*, 25-cv-07309 (N.D. Cal.)

Dear Mr. Jones:

  This letter is the Civil Rights Division's final response to your Freedom of Information Act (FOIA) request for "long-form closing memoranda reflecting the Division's decision not to prosecute a (18 U.S.C.) 242 matter that resulted in death between 2018 and 2024."

  The Division identified 53 cases involving potential 18 U.S.C. § 242 violations that resulted in death that were closed between 2018 and 2024 about which a long form closing memorandum could have been written. Of those 53 cases, two were reviewed under the Emmett Till Unsolved Civil Rights Crime Act, Pub.L. 110-344 (Oct. 7, 2008), and its reauthorization act, the Emmett Till Unsolved Civil Rights Crimes Reauthorization Act of 2016, Pub.L. 114-325 (Dec. 16, 2016) (collectively, the "Emmett Till Act"). The Division publishes closure memoranda in cases reviewed under the Emmett Till Act, consistent with the transparency aspects of the civil rights cold case initiative. The memoranda associated with the two cases responsive to your FOIA request can be found at:

    https://www.justice.gov/crt/case/edwin-pratt
    https://www.justice.gov/crt/case/alberta-jones

  The Division is withholding the remaining long form closing memoranda in full pursuant to FOIA Exemption 5. Exemption 5 exempts from disclosure inter- or intra-agency memoranda that are subject to a litigation privilege such as the attorney-client, attorney work product, or deliberative process privilege. 5 U.S.C. § 552(b)(5). Here, the long form closure memoranda are privileged under the attorney work product privilege. The privilege applies to both factual and analytical material; accordingly, there is no reasonably segregable information in the

memoranda that can be released without foreseeably causing the harm protected against by the exemption and privilege.

In addition to Exemption 5, information in at least some of the memoranda is exempt pursuant to Exemptions 3, 6, 7(C), 7(D), and/or 7(E).

- Exemption 3 exempts from disclosure any information that is prohibited from disclosure by another federal statute that either leaves no discretion on the issue or establishes particular criteria for withholding or refers to particular types of matters to be withheld.  Further, any statutes enacted after October 28, 2009, must specifically refer to Exemption 3 in order to qualify for withholding.  5 U.S.C. § 552(b)(3).  Here, the underlying withholding statute is Federal Rule of Criminal Procedure 6(e), applying to confidential grand jury information.

- Exemption 6 protects information in personnel, medical, or similar files when disclosure would constitute a clearly unwarranted invasion of the personal privacy of third parties.  5 U.S.C. § 552(b)(6).

- Exemption 7(C) protects information compiled for law enforcement purposes when disclosure could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.  5 U.S.C. § 552(b)(7)(C).

- Exemption 7(D) protects information compiled for law enforcement purposes when disclosure "could reasonably be expected to disclose the identity of a confidential source, including a state, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source."  5 U.S.C. § 552(b)(7)(D).

- Exemption 7(E) protects information compiled for law enforcement purposes when disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).

In determining that exemptions apply to the requested records, the Division considered whether there is foreseeable harm from disclosure, as required by 5 U.S.C. § 552(a)(8).  For information subject to Rule 6(e), disclosure is prohibited by law and thus satisfies this requirement.  For all other information, the Division reasonably foresees that disclosure of the privileged, privacy, and law enforcement information would harm an interest protected by the relevant exemption.

You may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.

2

The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  Please reference the FOIA/Privacy Act reference number assigned to your request in any correspondence with OGIS.

Thank you for your interest in the Civil Rights Division.

Sincerely yours,

*Andrew Darlington*

Andrew Darlington
Acting Chief
Freedom of Information/Privacy Act Branch
Civil Rights Division