Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400

D. Victoria Baranetsky (SBN 311892)
Brooke Henderson (*pro hac vice*)
**THE CENTER FOR INVESTIGATIVE
   REPORTING**
222 Sutter Street, #600
San Francisco, CA 94108
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@cir.org
bhenderson@cir.org

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| The Center for Investigative Reporting,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Justice,<br><br>Defendant. | Case No. 4:25-cv-7309-AMO<br><br>Hon. Araceli Martínez-Olguín<br><br>**[Proposed] Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Cross-Motion for Partial Summary Judgment** |

Before the Court are (1) the Motion for Summary Judgment filed by Defendant United States Department of Justice (Dkt. No. 28) and (2) Plaintiff The Center for Investigative Reporting's Cross-Motion for Partial Summary Judgment (Dkt. No. 31). Having reviewed and considered the parties' papers, evidence, and argument, the Court hereby DENIES Defendant's motion and GRANTS Plaintiff's cross-motion. Further, the Court finds and orders as follows:

1. Defendant has failed to establish that any of the public records requested by plaintiff (the "Closing Memos") were prepared in anticipation of litigation. Defendant has therefore failed to establish that the Closing Memos constitute attorney work product that Defendant may withhold from disclosure under Freedom of Information Act ("FOIA") Exemption 5, *see* 5 U.S.C. § 552(b)(5). Defendant accordingly may not withhold any requested Closing Memos on the basis of Exemption 5.

2. Plaintiff's FOIA requests to Defendant seeking disclosure of the Closing Memos "reasonably describe" the records Plaintiff seeks. *See id.* § 552(a)(3)(A). Defendant has failed to demonstrate that compliance with Plaintiff's December 2019 FOIA request (the "First Request") would impose an undue burden on Defendant. Defendant therefore shall conduct and complete the search for Closing Memos responsive to the First Request as the FOIA requires. The parties shall submit a joint status report to the Court within 30 days of this order that proposes a schedule by which Defendant will complete its processing and disclosure of the Closing Memos responsive to the First Request.

3. Defendant has failed to carry its burden to justify nondisclosure of Closing Memos responsive to Plaintiff's March 2024 FOIA request (the "Second Request") under any of FOIA Exemptions 3, 6, or 7. *See* 5 U.S.C. § 552(b)(3), (6)–(7). Defendant accordingly shall disclose all nonexempt portions of those records within 30 days of this order.

4. The parties are ordered to file a joint status report within 60 days of the order apprising the Court of whether there remains any dispute regarding the Defendant's disclosure of Closing Memos responsive to Plaintiff's Second Request.

**IT IS SO ORDERED**.

Dated:

—————————————————————
HON. ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE

[Proposed] Order re Cross-Motions / Case No. 4:25-cv-7309-AMO