Matthew S.L. Cate (SBN 295546)
matt@matthewcatelaw.com
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400

D. Victoria Baranetsky (SBN 311892)
Brooke Henderson (*pro hac vice*)
**THE CENTER FOR INVESTIGATIVE REPORTING**
222 Sutter Street, #600
San Francisco, CA 94108
Telephone: (510) 982-2890
Fax: (510) 849-6141
vbaranetsky@cir.org
bhenderson@cir.org

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| The Center for Investigative Reporting,<br><br>Plaintiff,<br><br>v.<br><br>United States Department of Justice,<br><br>Defendant. | Case No. 4:25-cv-7309-AMO<br><br>Hon. Araceli Martínez-Olguín<br><br>**Declaration of Jonathan Jones in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment & Cross-Motion for Partial Summary Judgment**<br><br>Hearing:  Nov. 12, 2026<br>Time:  2:00 p.m.<br>Courtroom:  5 |

**Declaration of Jonathan Jones**

I, Jonathan Jones, declare:

1. I am an investigative journalist. At all times relevant to this declaration, I was a reporter and producer for plaintiff The Center for Investigative Reporting ("CIR") and its national radio show and podcast, *Reveal*. I am more than 18 years old and am making this declaration in support of CIR's Opposition to Defendant's Motion for Summary Judgment & Cross-Motion for Partial Summary Judgment. The statements below are based on my personal knowledge, except for those stated on information and belief (of which I am informed and believe to be true). If called as a witness, I could and would testify competently about the contents of this declaration.

2. I have worked as an investigative journalist for approximately 20 years. My reporting has covered, among other subjects, policing, criminal justice, and human rights, and has received recognition including awards from the Emmys, Investigative Reporters & Editors, and the Third Coast International Audio Festival.

3. On December 8, 2008, Billey Joe Johnson, Jr., a 17-year-old Black high school student in Lucedale, Mississippi, and one of the top high school football recruits in the country, died of a gunshot wound during an early-morning traffic stop conducted by a white sheriff's deputy. Local authorities concluded that Johnson's death was the result of a self-inflicted gunshot wound. According to my personal knowledge, from the beginning of the investigation, Johnson's family and many people in and around the George County community raised concerns about the quality of the police investigation into his death and ultimately the reliability of the officials findings that Johnson accidentally shot himself.

4. In March 2018, Reveal host Al Letson and I began a detailed examination of law enforcement's investigation into Johnson's death.

5. Over approximately three years, we examined the case file provided to Johnson's family, piece by piece. Despite the lack of transparency of Mississippi's system for investigating suspicious deaths, we reviewed internal police reports, independent investigative files by civil rights organizations, autopsy reports, court documents, and conducted dozens of interviews—including ex-

tensive interviews by the lead detective and other key witnesses who had never spoken to investigators. But the key single source that grounded our reporting and made our investigation successful was the Closing Memo.

6.    In August 2009, the Johnson family had requested the Department of Justice Civil Rights Division investigate his death.

7.    The Civil Rights Division ("CRT") of the United States Department of Justice ("DOJ"), together with the Federal Bureau of Investigation and the U.S. Attorney's Office for the Southern District of Mississippi, investigated Johnson's death. In April 2011, the DOJ closed that investigation and memorialized its reasons for doing so in a Closing Memo. Because Johnson died in 2008, the DOJ's investigation was not conducted pursuant to the Emmett Till Unsolved Civil Rights Crime Act.

8.    On February 21, 2018, in the course of our reporting, I submitted a request under the Freedom of Information Act ("FOIA") to the DOJ seeking records concerning its investigation into Johnson's death, including the Closing Memo.

9.    After a review of the closing memo, on May 31, 2018, Nelson D. Hermilla, Chief Freedom of Information/Privacy Acts Branch Civil Rights Division, determined that the Closing Memo be released to me subject to the excision of names and other identifying information of law enforcement and private citizens, and the analysis of prosecutorial merit.

10.    A true and correct copy of the Closing Memo the DOJ disclosed in response to that FOIA request was submitted in support of CIR's Complaint. See Dkt. 1-1.

11.    In October 2021, CIR published *Mississippi Goddam: The Ballad of Billey Joe*, a seven-part investigative podcast series reporting on Johnson's death, produced by Reveal in partnership with PRX. The series aired on hundreds of public radio stations nationwide and was distributed as a podcast.

12.    The Closing Memo was an integral part of the series. Among other things, the Closing Memo set out the federal investigators' account of the evidence, the steps taken in the investigation, and the reasons the DOJ declined to bring charges. Read alongside our other reporting and the

underlying records we obtained, the Closing Memo provided exceptionally strong evidence that revealed massive inconsistencies in the official story provided by local officials, including flaws in the handling of the case by the medical examiners, the district attorney's office, and the Mississippi Bureau of Investigation.

13. The DOJ's disclosure of the Closing Memo allowed Johnson's family and his community—for the first time—to understand how law enforcement had investigated and handled the case. In my experience reporting this story, the Closing Memo served as an invaluable tool of government accountability: it permitted the public to evaluate the thoroughness of the government's investigation, to identify where the official account diverged from the evidence, and to press officials for answers.

14. *Mississippi Goddam: The Ballad of Billey Joe* received substantial public attention and recognition, including the 2022 Robert F. Kennedy Journalism Award in the radio category and the 2021 Investigative Reporters & Editors Award in the audio category, and the series was named a finalist for a Peabody Award.  That response reflects, in my view, the strong public interest in how the government investigates deaths like Johnson's—an interest that could not have been served without access to the Closing Memo itself

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 16, 2026                    */s/ Jonathan Jones*
                                                    Jonathan Jones

**Attorney Attestation**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

                                                    */s/ Matthew S.L. Cate*
                                                    Matthew S.L. Cate

Jones Decl. I/S/O Plf's Opp'n to Def's MSJ & Cross-Mot. for Partial Summ. J. / Case No. 4:25-cv-7309-AMO